APPEARANCES * * * * * * * * * * *
The undersigned reviewed the prior Order, based upon the record of the proceedings before Deputy Commissioner Rowell. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Order of Deputy Commissioner Rowell dismissing plaintiff's claim.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 29, 2002, plaintiff filed a Tort Claim Affidavit with the North Carolina Industrial Commission alleging ordinary negligence and medical malpractice.
2. A hearing on defendant's motions to dismiss was held on May 16, 2005. Defendant moved to dismiss plaintiff's medical negligence claim for his failure to comply with *Page 2 
N.C. R. Civ. P. 9(j). Defendant also moved to dismiss plaintiff's ordinary negligence claims for plaintiff's failure to state a claim for which relief could be granted pursuant to N.C. R. Civ. P. 12(b)(6), in that plaintiff failed to state a claim for negligence and failed to show any injury was proximately caused by defendant.
3. At the May 16, 2005 hearing, plaintiff was ordered to provide a letter or affidavit by a medical doctor or expert indicating he would be willing to review plaintiff's medical records and testify in support of plaintiff's claim within 90 days from the filing date of the Order. Plaintiff was also informed that the failure to provide the deputy commissioner with the necessary statement within the time allowed would result in the dismissal of plaintiff's medical malpractice claim. Defendant's motions to dismiss on all of plaintiff's claims were held in abeyance until plaintiff provided the required documents pursuant to N.C. R. Civ. P. 9(j) or the 90 day prescribed period expired. The Interlocutory Decision and Order was filed on June 2, 2005.
4. Plaintiff failed to provide the Industrial Commission and defendant with a statement from a qualified medical expert indicating the expert would be willing to review plaintiff's medical records and testify in support of plaintiff's claim. Accordingly, plaintiff has failed to demonstrate that he possesses sufficient evidence to prosecute his medical negligence claim against defendant.
5. Plaintiff failed to meet his burden of proof for ordinary negligence. In order to be awarded damages for ordinary negligence, plaintiff must show that his injuries were the proximate result of a negligent act by a named state employee acting within the course and scope of his employment. A plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by the defendant (the named employees thereof in a tort claim), (3) the breach resulted in *Page 3 
injury to plaintiff, and (4) plaintiff's injury was the proximate result of the breach of duty. Pulley v. Rex Hospital, 326 N.C. 701,392 S.E.2d 380 (1990), Bolkir, 321 N.C. at 709, 365 S.E.2d at 900. Plaintiff failed to prove that an employee of defendant breached an existing duty resulting in injury to plaintiff.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to comply with the medical certification requirements of N.C. R. Civ. P. 9(j) in that he failed to certify that he is able to secure a person who is reasonably expected to qualify as an expert witness and who is willing to testify that the medical care provided to plaintiff did not comply with the applicable standard of care.
2. With regard to plaintiff's claim for ordinary negligence, plaintiff failed to state a claim for which relief could be granted pursuant to N.C. R. Civ. P. 12(b)(6).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's medical malpractice claim and ordinary negligence claim are hereby DISMISSED WITH PREJUDICE.
 This the 8th day of November, 2006. *Page 4 
 S/____________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/____________________ DIANNE C. SELLERS COMMISSIONER
 S/____________________ THOMAS J. BOLCH COMMISSIONER *Page 1